**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **JAMES SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-01400** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OSF HEALTHCARE SYSTEM,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, James Smith ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against OSF Healthcare System ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3.    Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.    All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

5.    A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.    At all times material to the allegations of this Complaint, Plaintiff, James Smith, resides in Peoria County in the State of Illinois.

8.    At all times material to the allegations in this Complaint, Defendant, OSF Healthcare System, is an entity doing business in and for Peoria County whose address is 2265 West Altorfer Drive, Peoria, IL 61615-1807.

9.    Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10.    During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11.    Plaintiff (disabled) was hired at OSF Healthcare System as a Homecare Reimbursement Representative on or around August 2020 and is actively still employed in this

capacity.

12.     Plaintiff has a serious physical impairment that substantially limits all major life activities.

13.     Specifically, Plaintiff suffers from Type I, insulin dependent diabetes, which often causes low blood glucose levels, affecting all activities of daily living and sometimes even causing loss of consciousness.

14.     Regardless of this disability, Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

15.     Plaintiff met or exceeded Defendant's reasonable job expectations throughout the duration of his employment.

16.     In or around June 2023, Plaintiff was informed that Defendant was revoking his accommodation to work from home, which had previously been granted due to his disability, since this disability hindered his ability to drive.

17.     This deeply concerned Plaintiff, as it indicated that the company was not taking his disability seriously, despite having prior documentation from a physician.

18.     When Plaintiff engaged in protected activity to complain about the change to his accommodations, Defendant told Plaintiff that reason for the loss of accommodation was "productivity."

19.     This left Plaintiff confused, as he had been performing effectively regardless of the accommodation, and had never received a negative performance remark or write-up.

20.     In fact, Plaintiff had received hand written cards expressing how well he was doing in his role.

21.    Other non-disabled employees were not subject to the same scrutiny on their performance.

22.    Clearly, the real reason for Plaintiff's sudden loss of accommodations was discrimination on the basis of his disability.

23.    On or about February 2, 2023, Plaintiff received an email from Britney Coyle, the Director of Homecare Services, stating that Plaintiff's department would no longer be monitored for daily productivity.

24.    Therefore, believing productivity could no longer be given as a reason for denial of his accommodations, Plaintiff reached out to Human Resources (HR) and requested a meeting to discuss his accommodations.

25.    Unfortunately, Defendant ignored this urgent request and never even responded, therefore failing to engage in the interactive process to determine the appropriate accommodations.

26.    Plaintiff, discouraged and stressed by the lack of support from his employer, continued to work under these circumstances, as his financial situation gave him no other choice.

27.    On or about July 17, 2023, Plaintiff once again sought signed accommodations from a physician and promptly submitted them to the company.

28.    Unfortunately, there has been no effort to this day by Defendant to reinstate Plaintiff's accommodations of ability to work from home when needed, as was allowed before June 2023.

29.    This situation has put Plaintiff in a precarious position, as Defendant's decision to deny Plaintiff the ability to work from home when necessary jeopardizes his well-being and

safety.

30.     Defendant effectively denied Plaintiff's request for reasonable accommodation and therefore did not engage with him in an interactive process to determine the appropriate accommodation as required by the ADA.

**COUNT I**
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

31.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

32.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

33.     Plaintiff met or exceeded performance expectations.

34.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

35.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

36.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

37.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

38.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

39.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

40.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

41.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

42.     Plaintiff is a qualified individual with a disability.

43.     Defendant was well aware of the disability and the need for accommodations, as Plaintiff had informed Defendant and submitted multiple doctor's notes.

44.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

45.     Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendant, as Plaintiff had previously been allowed to work from home without problem.

46.     Defendant did not accommodate Plaintiff's disability.

47.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., due to Plaintiff's disability.

48.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT VI**</u>
**Violation of Americans with Disabilities Act**
**(Retaliation)**

50.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

51.     Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

52.     During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations and complained of the denial of accommodations.

53.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

54.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability based discrimination.

55.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

56.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations and complaining of the denial of accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

57.     Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity, specifically wrongful withdraw and denial of previously approved accommodations.

58.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

      a.      Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 24th day of October, 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**NATHAN VOLHEIM, ESQ.**
IL Bar No.:6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
nvolheim@sulaimanlaw.com
*Attorneys for Plaintiff*